UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOOJOO KIM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>XIAOFEI CUI, an individual,<br><br>Defendant. | Case No.:  26-CV-1717 JLS (AHG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT BY EMAIL**<br><br>(ECF No. 7) |

Presently before the Court is pro se Plaintiff Woojoo Kim's Motion to Serve Defendant by Email ("Mot.," ECF No. 7).  Plaintiff submits that they have been in direct communication with Defendant Xiaofei Cui, who resides in China, via Defendant's email regarding this copyright infringement dispute.  Mot. at 3; *see* Mot., Exs. 1–2.  Relying on several cases where courts have permitted service by email to defendants residing in China, Plaintiff argues that effectuating service through the Hague Convention "despite the existence of a demonstrated and reliable email channel would impose substantial cost and delay disproportionate to what is necessary to ensure actual notice." *Id.* at 5.

Federal Rule of Civil Procedure 4(f) provides for service on an individual in a foreign country by, as relevant here, "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" or "by other means not

prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (3).  As China is a party to the Hague Convention, several courts in this Circuit have considered whether the Hague Convention permits service by email to defendants residing in China and have found that it does.  *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (finding that service by email on defendants in China was permissible under the Hague Convention); *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-CV-01708-WQH-BGS, 2021 WL 165013, at *4 (S.D. Cal. Jan. 19, 2021) (same); *but see Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 988 (N.D. Cal. 2020) ("[U]nder the [Hague] Convention, service by e-mail on defendants in China is prohibited."); *CRS Recovery, Inc. v. Laxton*, No. C 06-7093 CW, 2008 WL 11383537, at *2 (N.D. Cal. Jan. 8, 2008) (denying motion to serve defendant in China by email under Rule 4(f)(3)).

Even if permissible under Rule 4(f)(3), service by email "must also comport with constitutional notions of due process."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  "Service by email can satisfy due process when a foreign defendant structured its business on the internet using email as the preferred contact method and did not list an easily discoverable street address."  *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *2 (N.D. Cal. July 31, 2018) (citing *Rio Props., Inc.*, 284 F.3d at 1016–17).

The Court finds that Plaintiff's showing falls short of this requirement.  Plaintiff has attached two exhibits—the first purporting to be Defendant's "counter notice" on Amazon sent to Plaintiff regarding the alleged copyright infringement, and the second purporting to be an email exchange between Plaintiff and Defendant regarding the copyright infringement suit.  *See* Mot., Exs. 1–2.  The only email fully visible to the Court is from

March 1, 2026, a few weeks before Plaintiff filed the Complaint, *see* ECF No. 1, in which Defendant states: "Our products do not infringe upon your copyright. Should you file a lawsuit, we will engage our U.S. attorney friends to mount a defense. We request that you withdraw your complaint against us as soon as possible." Mot., Ex. 2. These two exhibits are insufficient to prove that the email Plaintiff alleges belongs to Defendant actually belongs to Defendant.[1] *Cf. Fourte Int'l Ltd. BVI*, 2019 WL 246562, at *3 ("Defendants have filed responses to Plaintiffs' motions and it is evident Defendants and their counsel are already informed of the pendency of this matter."). Nor has Plaintiff demonstrated they have made any efforts to effectuate service on Defendant by other means or demonstrated that Defendant is trying to evade service. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-CV-01530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (finding service by email proper on defendants "where [p]laintiff ha[d] been unable to ascertain physical addresses for service after a reasonable effort" and "where there [wa]s evidence defendants [were] attempting to evade service," but finding service by email improper on other defendants where plaintiff had not attempted service or demonstrated that defendants were "elusive or otherwise striving to evade service of process"); *Keck*, 2018 WL 3632160, at *3 (permitting service by email where plaintiff was unable to locate the physical addresses of defendants). The Court therefore cannot find that service through email would be "reasonably calculated to inform Defendant[] of the action" or necessary under the circumstances. *Fourte Int'l Ltd. BVI*, 2019 WL 246562, at *3.

/ / /

/ / /

---

[1] The Court also notes that on April 30, 2026, Plaintiff filed a "Joint Motion" requesting that the Court enter a consent judgment and permanent injunction against Defendant, in which Defendant, apparently proceeding pro se, submits that they appear in this matter solely for the purposes of the Parties' agreement and has "waive[d] any defense to personal jurisdiction, venue, or service of process." ECF No. 8 at 2. However, as Defendant has not been served nor appeared in this action, the Court lacks sufficient information to verify the veracity of the "Joint Motion," Defendant's identity, or whether Defendant has consented to the proposed consent judgment and permanent injunction.

26-CV-1717 JLS (AHG)

Accordingly, the Court **DENIES** Plaintiff's Motion to Serve Defendant by Email (ECF No. 7). Within <u>thirty (30) days</u> of the electronic docketing of this Order, Plaintiff **MAY FILE** a renewed motion for service by email with (1) additional evidence of recent communications with Defendant and verification that the email provided by Plaintiff is the correct email address for Defendant and (2) additional evidence to demonstrate that Plaintiff has made reasonable efforts to locate Defendant's physical address.[2]

**IT IS SO ORDERED.**

Dated: May 5, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] Indeed, given that, according to Plaintiff, Defendant has agreed to a consent judgment and permanent injunction, and that Plaintiff and Defendant have been in communication about this dispute, Plaintiff could simply ask Defendant to provide a physical address. Alternatively, to address Plaintiff's concerns about the burdens of effectuating service via the Hague Convention, Defendant could formally appear in this suit and indicate that they do, in fact, waive service, as indicated in the Joint Motion filed by Plaintiff. *See* ECF No. 8 at 2.

26-CV-1717 JLS (AHG)